(May 8, 1913.)

MORRIS-ROBERTS COMPANY, a Corporation, Respond-
    ent, v. ADA M. MARINER and BLISS TOWNSITE
    COMPANY, a Corporation, Appellants, and CHARLES
    B. AMOS, Intervenor and Appellant.

[135 Pac. 1166.]

APPEAL—SEPARATE APPEALS—DUTY OF EACH APPELLANT—PROCURING A
    TRANSCRIPT—FOREIGN CORPORATION—RIGHT TO DO BUSINESS IN THE
    STATE—COMPLIANCE WITH LAW.

    1. Sec. 4434, Rev. Codes, as amended, Laws of 1911, p. 379, pro-
vides that any party desiring to procure a review on appeal of any
ruling of the district court or the sufficiency of the evidence to sup-
port the verdict or decision, shall procure a transcript of the testi-
mony and proceedings including the instructions, etc., that such party
shall procure from the district judge an order directing the reporter
to prepare a transcript, and he shall then file the order with the
clerk of the court and serve a copy thereof upon the reporter, paying

to him at the time such sum as he shall demand as the estimated cost of transcribing such part of his notes and other proceedings as may be desired, at the rate of ten cents per folio of one hundred words.

2.  It was not intended by the amendment of sec. 4434, Rev. Codes, that where separate appeals are taken by different parties to the action, and one of the parties secures a transcript of the reporter's notes as provided by the statute, and pays for the entire transcript, and the other appellants refuse to secure such transcript, that such appellants can take advantage of the records secured and paid for by the single appellant, neither can such appellants base their appeals upon said transcript which was not secured by them as provided by sec. 4434, Rev. Codes.

3.  Sec. 2792 of the Rev. Codes requires that "every corporation not created under the laws of this state must, before doing business in this state, file with the county recorder of the county in this state in which is designated its principal place of business in this state, a copy of the articles of incorporation of said corporation, duly certified to by the secretary of state of the state in which said corporation was organized, and a copy of such articles of incorporation duly certified by such county recorder, with the secretary of state. . . . . Such corporation must also within three months from the time of commencement to do business in this state, designate some person in the county in which the principal place of business of such corporation in the state is conducted, upon whom process issued by authority of or under any law of this state may be served. . . . . No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as first herein provided, can be sued upon or enforced in any court of this state by such corporation."

4.  Sec. 2792, Rev. Codes, is mandatory, and must be substantially complied with in order to enable a foreign corporation to maintain an action in the courts of this state for the enforcement of contracts.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

An action to establish a trust in certain real property. *Reversed.*

V. O. Johnson and Paul S. Haddock, for Appellants.

No copy of the articles of incorporation of this corporation certified to by the Secretary of State of Wyoming was filed

with the recorder of Lincoln county, Idaho, until June 26, 1911, nor with the Secretary of State of Idaho until July 3, 1911, both of which were more than two years after the transactions in this cause had been had and several months after the present action was filed.

This case is an action by a foreign corporation to enforce a contract or agreement made for its use and benefit within the terms of our statute. Indeed, this court so regarded a similar action to quiet title and to establish by decree a trust in real estate in a recent case. (*Pennsylvania & Coeur d'Alene M. Co. v. Gallagher*, 19 Ida. 101, 112 Pac. 1044.)

This court has passed upon the propositions involved in a recent case which deals not only with the problem of estoppel, but likewise with several other phases of the subject. (*Tarr v. Western Loan & Savings Co.*, 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

It has likewise been determined that a subsequent compliance with the statute cannot be of service to the corporation, and the filings of June 26, 1911, are immaterial. (*Valley Lumber & Mfg. Co. v. Driessel*, 13 Ida. 673, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63.)

The intervenor did not take the steps required by law to perfect his appeal. In particular he never obtained and filed any order for the reporter's transcript. (Chap. 119, Laws of 1911.)

The intervenor, after ordering the clerk's transcript, canceled his order and thereby abandoned his appeal. Any step or proceeding taken by an appellant inconsistent with an intent to prosecute the appeal is an abandonment. (3 Cyc. 201.)

The penalties of sec. 2792 are directed against the noncomplying foreign corporation and not against other parties dealing with it. (*Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873; *Keating v. Keating Min. Co.*, 18 Ida. 660, 112 Pac. 206.)

Richards & Haga and McKeen F. Morrow, for Intervenor and Appellant, Chas. B. Amos.

Respondent did not substantially comply with the Idaho statute as to foreign corporations until July 3, 1911, and, this

statute being mandatory, a substantial compliance is necessary in order to enable respondent to acquire real property in this state.   (Rev. Codes, sec. 2792; *Katz v. Herrick,* 12 Ida. 1, 33, 86 Pac. 873; *Valley Lbr. Co. v. Driessel,* 13 Ida. 662, 679, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63; *Tarr v. Western Loan & Sav. Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

This court has held that contracts of a noncomplying foreign corporation are unlawful and void, provided the other party takes advantage of the noncompliance by demurrer or answer.   (*Katz v. Herrick, supra; Valley Lbr. Co. v. Driessel, supra.*)

The appeal of intervenor should be dismissed.   The object of the amendments to the appellate practice of this state was to prescribe a speedy and economical method of preparing a case and presenting the same to the supreme court.   This object would certainly not be attained if a party, whose pleadings and proof occupied but a very small fraction of the record, should be required to go to the delay and expense of procuring an entire separate transcript.   (*Kelley v. Clark,* 21 Ida. 231, 121 Pac. 95.)

J. R. Bothwell, for Respondent.

The plaintiff relied on the filings made, as being a substantial compliance with the statute relating to foreign corporations, and the court made no findings or conclusions on that subject.

The appellants, instead of insisting on a finding and conclusions of law respecting the plaintiff's incapacity to sue, or in assigning error for the court's failure to do so, merely interpose the motion for nonsuit, relying on the insufficiency of the evidence to show such incapacity or in showing a lack of substantial compliance with the statute.   This motion was overruled.   The records show that the appellants, subsequent to the overruling of said nonsuit motion, introduced testimony in their defense, but did not at any time thereafter renew the motion.   For this reason no error can be predicated on the ruling of the court denying the nonsuit motion.   (*Chamberlain*

*v. Woodin,* 2 Ida. 609 (642), 23 Pac. 177; *Shields v. Johnson,* 12 Ida. 329, 85 Pac. 972.)

The appellate court will not assume that the court below made an erroneous finding or conclusion as to a given point, when the record fails to show any finding at all by the court on that point. (*Medbury v. Maloney,* 12 Ida. 634, 88 Pac. 81.)

STEWART, J.—This action was instituted by the respondent, Morris-Roberts Company, a corporation organized under the laws of the state of Wyoming, having its principal place of business at Bliss, Lincoln county, Idaho, against the defendants, A. M. Mariner, Frank S. Rayburn and the Bliss Townsite Company, a corporation organized under the laws of the state of Idaho. The purpose of the action was to establish a trust in a portion of the premises involved, consisting of about three acres of ground, and for general equitable relief. The defendant Rayburn was never served and made no appearance. Charles B. Amos, one of the appellants, by leave of court filed a complaint in intervention, and alleged he was the owner of the east half of the southeast quarter of section 6, township 6 south, range 13 east, B. M., with the exception of an acre on which the schoolhouse was located, and the Oregon Short Line right of way; that the eighty acre tract described is the townsite of Bliss, and includes the three acre tract claimed by respondent, as well as the balance of the tract claimed by appellant Bliss Townsite Company, and in the cross-complaint prays that his title be quieted in said land. Answers were filed to the complaint in intervention, denying the intervenor's title, and the appellant Mariner alleged affirmatively that she had conveyed the property to the Bliss Townsite Company on April 9, 1910, and alleged that it secured a warranty deed for valuable consideration from appellant Mariner on said date. Upon these issues the cause was tried.

The trial court made certain findings of fact and conclusions of law, but we shall refer only to those findings which appear to be involved upon this appeal:

Findings of Fact: That the plaintiff is a corporation duly organized under the laws of Wyoming; that on the 13th day of January, 1905, the plaintiff filed with the Secretary of State of Idaho its designation of agent and acceptance of the provisions of the constitution of the state of Idaho, designating therein Lincoln county as the county in which the principal place of business should be conducted, and designating P. E. Dusalt, residing in said county, as its agent, upon whom process could be served; and filed a duplicate of said designation in the office of the county recorder of Lincoln county on January 11, 1912; that on the 13th day of January, 1905, a copy of the articles of incorporation was filed by the plaintiff in the office of the Secretary of State of Idaho; that on the 11th of January, 1905, a copy of the articles of incorporation was filed in the office of the county recorder of Lincoln county; that a copy of the articles of incorporation of the plaintiff, duly certified by the Secretary of State of Wyoming was filed in the office of the county recorder of Lincoln county, state of Idaho, on June 26, 1911, and filed in the office of the Secretary of State on July 3, 1911, which bore the certificate of the county recorder of Lincoln county, under date of June 26, 1911.

Conclusions of Law: That the plaintiff is the owner of the lands described in the complaint, and that any title or interest therein or thereto which the said defendants, or either of them, hold is held by such defendants in trust and for the use and benefit of the plaintiff, and that the defendants or the said intervenor have no beneficial interest therein or thereto or to any part thereof; that the plaintiff is entitled to a decree requiring the defendants, and each of them, and the intervenor to execute a good and sufficient deed conveying to the plaintiff the legal title to the said premises and the whole thereof clear from encumbrances; that the defendant, the Bliss Townsite Company, a corporation, is entitled to a decree that it is the owner in fee simple of certain premises described in the findings of the court, and a decree quieting in said Bliss Townsite Company the title to said premises as against the plaintiff and intervenor and all persons claiming by,

through or under them, or either of them. A judgment was rendered in accordance with the findings of fact and law above referred to.

Defendants Mariner and Bliss Townsite Company jointly appeal from the part of the judgment adverse to them (which is specified). Charles B. Amos, intervenor and appellant, separately appeals from the judgment and decree entered on the 24th day of June, 1912, and from the whole thereof.

The first question presented to this court for determination is a motion filed upon behalf of Ada M. Mariner and the Bliss Townsite Company to dismiss the appeal attempted to be taken by the appellant and intervenor, Charles B. Amos. The grounds of such motion are as follows: First, that the intervenor failed to take the steps required by law in order to perfect his appeal; second, that the appellant Amos has not complied with sec. 4434, chap. 119, Laws of 1911, p. 379, in that such appellant failed to procure from the district judge an order directing the reporter to prepare any transcript of the testimony and proceedings and failed to file any such order with the clerk of the district court, and failed to serve copy of such order upon the reporter of said district court and failed to pay the reporter for the same; fourth, that said Amos filed a notice of appeal on August 23, 1912, and such notice was served on Ada M. Mariner and the Bliss Townsite Company, and on the same day Mariner and the Bliss Townsite Company, through their counsel, requested said Amos, through his attorneys, Richards & Haga, to join in the expense and preparation of a transcript, and on August 27th the attorneys for Amos agreed to the same, and thereafter on August 31, 1912, the attorneys for Amos withdrew from said agreement and recalled the order for transcript of the evidence and for a transcript of the record, and declined to join in the transcript, and waived the appeal of Amos in said cause; fifth, that Amos, appellant, failed to file a supplemental transcript in said court within sixty days after filing the undertaking on appeal as required by rule 23 of said court; that said undertaking on appeal was filed on August 28, 1912, and the said supplemental transcript was not filed until the 29th day of October, 1912,

and no service thereof was had upon the defendants A. M. Mariner and the Bliss Townsite Company, otherwise than by mail, and transmitted on the 30th of October, 1912.

The foregoing motion to dismiss the appeal of the intervenor and appellant Charles B. Amos is sustained. The record shows that Amos filed a notice of appeal on August 23, 1912, and on the same day a notice of appeal was filed and served by Mariner and the Bliss Townsite Company, defendants and appellants, and on the same day Mariner and the Bliss Townsite Company, through their counsel, requested Amos, through his attorneys, to join in the expense and preparation of the transcript. On August 27, 1912, Amos, by his attorneys, agreed to join in the expense and preparation of the transcript. Thereafter on August 31, 1912, Amos, by his attorneys, withdrew from said agreement and recalled the order for transcript of the record and declined to join in the transcript, as shown by an affidavit filed by Harry W. Anderson, clerk of the district court of Lincoln county, and as a part of said affidavit a letter was attached dated August 31, 1912, signed by Richards & Haga, attorneys for Amos, in which said attorneys stated:

"As there seems to be a possibility that the appeal of the intervenor in the case of Morris-Roberts Co. v. Mariner will be dismissed, we would ask you to do nothing further with the transcript unless you hear from us. If any expense has been incurred so far kindly let us know, and we will be glad to remit at once. We would also appreciate it if you would advise the court reporter that we desire him to do nothing further with the transcript of the evidence until he hears from us. Very truly yours,

"RICHARDS & HAGA."

The clerk also in his affidavit states that subsequent to the above cancelation of the order for a transcript, he received no further order to prepare a transcript, except a letter addressed to him dated on or about October 9, 1912, directing the preparation of a supplemental transcript. The supplemental transcript referred to consists only of a certified copy of the notice of appeal signed by Richards & Haga, attorneys for the intervenor, and the undertaking given by said intervenor upon

appeal. No other papers or record were included in said supplemental transcript. The notice of appeal bears upon its face no evidence that the same was ever served upon any of the adverse parties to said action, and the certificate of the clerk in no way refers to the transcript which was formerly furnished to the appellants Mariner and the Bliss Townsite Company.

The appellant Amos, therefore, has no interest in the appeal taken in this case by Mariner and the Bliss Townsite Company. Neither did Amos join with such parties in their appeal, nor did he in any way contribute to the expenses of the record, and he in no way took part in its preparation. So far as Amos is concerned, there is no record before this court which presents any question for consideration. It is clear from the record that Amos declined to join with the other appellants in the appeal, and he cannot now, upon the appeal taken by Mariner and the Bliss Townsite Company, ingraft his appeal upon the transcript prepared by such appellants and paid for by them. Inasmuch as the supplemental transcript fails to show any service and is insufficient to present any question for consideration, such appellant has no standing in this court.

It was intended by sec. 4434, Rev. Codes, as amended, Laws of 1911, p. 379, that any party desiring to procure a review on appeal of any ruling of the district court or the sufficiency of evidence to sustain the verdict or decision shall procure a transcript of the testimony and proceedings including the instructions given or refused, and exceptions thereto, on the trial, or such part thereof as may be necessary, in the following manner: He shall first procure from the district judge an order directing the reporter to prepare the transcript and he shall then file the order with the clerk of the court and serve a copy thereof upon the reporter, "*paying to him at the time such sum as he shall demand, as the estimated cost* of transcribing such part of his notes and other proceedings as may be desired at the rate of ten cents per folio of one hundred words."

This statute permits any party desiring a review to take an appeal and procure a transcript by paying the reporter for the same. It was not, however, intended by the legislature that

where separate appeals are taken by different parties to the action, and one of the parties secures a transcript of the reporter's notes under the statute, and pays for the entire transcript, and the other appellants refuse to secure a transcript from the reporter, or pay their proportion of such expenses, that such appellants can take advantage of the record secured and paid for by the single appellant or can base their appeals upon said transcript, which was not secured by them as provided by sec. 4434, Rev. Codes.

For the reasons stated the appeal of Charles B. Amos is dismissed.

The first question upon which a reversal is urged is presented in assignments of error Nos. 6, 13, 14, 28, 31 and 32. These several errors relate to the same subject and that is the admission in evidence of certain exhibits, "H," "I," "J" and "K," which relate to the steps taken by plaintiff in attempting to comply with the laws of the state governing foreign corporations as assigned in error 13, and also assignment of error No. 14, to the effect that the evidence was insufficient to support the first finding of fact which recites the steps taken by the plaintiff and respondent, Morris-Roberts Company, a corporation, in complying with sec. 2792, Rev. Codes, which provides: "Every corporation . . . . must . . . . file a copy of the articles of incorporation of said corporation (that is, a corporation not created under the laws of this state) duly certified to by the Secretary of State of the state in which said corporation was organized."

This section of the statute requires that every foreign corporation must, "before doing business in this state, file with the county recorder of the county in this state in which is designated its principal place of business in this state, a copy of the articles of incorporation of said corporation, duly certified to by the Secretary of State of the state in which said corporation was organized, and a copy of such articles of incorporation duly certified by such recorder with the Secretary of State. . . . . Such corporation must . . . . designate some person in the county in which the principal place of business of such corporation is conducted, upon whom

process issued by authority of or under any law of this state may be served, and . . . . must file such designation in the office of the Secretary of State, and in the office of the clerk of the district court for such county.'' It is also provided by such act that ''no contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as first herein provided, can be sued upon or enforced in any court of this state by such corporation.'' This section was enacted by the legislature for the purpose of carrying out the provisions of sec. 10, art. 11 of the constitution, and is clearly within the provisions of the constitution. This court has in many cases passed upon this section, and universally held that the provisions with reference to the qualifications of a foreign corporation to do business in this state are mandatory, and that they must be substantially complied with in order to enable such corporation to maintain an action in the courts of this state for the enforcement of contracts. These cases are cited in the opinions of this court in the cases of *Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20; *Tarr v. Western Loan & Savings Co.,* 13 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.

Turning, now, to the record in this case, we find that the respondent company signed the articles of incorporation on the 22d of December, 1904, and filed the same with the clerk of Sweetwater county, Wyoming, on the same day. The articles of incorporation of said company were filed in the office of the Secretary of State of the state of Wyoming on the 28th of December, 1904.

On December 23, 1904, P. E. Dusalt, county clerk of Sweetwater county, certified the articles of incorporation to be a true copy of the original certificate of incorporation ''so full, true and complete as the same now appears before me, and of record in my office.''

On January 4, 1905, such copy, so certified by Dusalt, was filed with the recorder of Lincoln county, Idaho, and the same was also filed with the Secretary of State on January 13, 1905,

It will be observed from this record that the foregoing record is the complete record of the acts of the respondent company

in attempting to comply with the laws of the state of Idaho at the time the transactions involved in this suit occurred. It will be observed, also, that the copy of the articles of incorporation filed in Lincoln county and also the copy filed with the Secretary of State of the state of Idaho were not certified by the Secretary of State of the state of Wyoming, and were only certified to by the county clerk of Sweetwater county, Wyoming. After the transactions in controversy had been had, and after the plaintiff's capacity to sue had been challenged, the respondent again attempted to comply with the laws of the state of Idaho on June 26, 1911, by filing with the county recorder of Lincoln county a copy of the articles of incorporation of respondent certified to by the Secretary of the State of Wyoming.

Referring to the record again, we find that on December 28, 1904, articles of incorporation were filed by the respondent with the Secretary of State of Wyoming, and that on January 3, 1905, a copy of said articles was certified to by the Secretary of State of Wyoming, and on June 26, 1911, said copy was filed with the county recorder of Lincoln county, Idaho, and on July 3, 1911, such copy was filed with the Secretary of State of the state of Idaho. It thus appears from this record that the only articles of incorporation filed in Idaho prior to the time of the transactions and contract involved in this case was a copy certified to by the county clerk of Sweetwater county, Wyoming. This certificate was executed on the 23d of December, 1904, which was five days prior to the filing of such articles with the Secretary of State of Wyoming. Thus it will be seen that the articles of incorporation on file in Idaho at the date of the transactions involved not only lacked the certificate of the Secretary of the State of Wyoming, but were issued also and certified to by the county clerk of Sweetwater county, Wyoming, five days prior to the completion of the incorporation of the plaintiff, and five days prior to the date when a copy could have been certified to by the Secretary of the State of Wyoming.

So at the time of the transactions in controversy, and alleged in the complaint, the respondent company had not designated

its principal place of business in this state by filing with the clerk of the county a copy of the articles of incorporation of said corporation, duly certified to by the Secretary of State of the state in which said corporation was organized. Neither were such articles of incorporation, certified by the county recorder of Lincoln county, filed with the Secretary of State. Neither had such corporation, from the time it began and concluded the transactions set forth in the pleadings in this case, designated the person in the county in which the principal place of business of such corporation is conducted upon whom process could be served.

The only conclusion that this court can reach in this matter under the facts stated and the decisions of this court heretofore cited is, that the plaintiff and respondent, being a foreign corporation, has not substantially complied with the constitution and the statutes of this state governing foreign corporations doing business in this state, and therefore cannot maintain a suit in any of the courts of this state for breach or violation of a contract entered into during the time the corporation has failed to comply with the laws of the state.

It must necessarily follow from what has been said in this opinion that because of the noncompliance of this plaintiff with the laws of this state, it cannot maintain this action.

We respectfully call the attention of counsel and the parties to this action to the fact that in the foregoing opinion this court has in no way discussed or determined the validity of the transaction alleged in the complaint as the cause of action. This court in the case of *Valley Lumber etc. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63, calls attention to the case of *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873, and says: "In the course of that opinion, the court said: 'Courts of equity are always able to protect innocent and honest persons in legitimate transactions, and we are satisfied that the courts of this state can and will protect all persons who have had honest dealings with noncomplying foreign corporations where they deserve protection.'" The statement of this court, as above, would seem to hold that there is a remedy which may be pursued in the courts which will protect all persons who have had honest dealings with noncomply-

ing foreign corporations, where they deserve protection, and there can be no question in this case from the record but that any party who claims an interest in the property in controversy may bring action to quiet title, and bring in all the parties who claim an interest in said property, and that in said action the rights of every person who has an interest in the title to said property can be determined.

The judgment is *reversed*, and the trial court is directed to dismiss the action. Costs awarded to appellants.

Ailshie, C. J., and Sullivan, J., concur.

[135 Pac. 1170.]

ON REHEARING.

(November 6, 1913.)

1. *Held*, in this case, that where there is substantial evidence supporting the verdict and judgment rendered, the verdict and judgment will be affirmed.

STEWART, J.—Petitions for rehearing were filed in this case by Ada M. Mariner and the Bliss Townsite Company, and Charles B. Amos. Amos petitions that his appeal be reinstated and that he be allowed a rehearing on his appeal on the merits. In this petition he has called our attention to the fact that he made application to this court for an order allowing him to file certain portions of the record made upon trial in the district court which had not been included in the appeal taken by Mariner and the Bliss Townsite Company, and thereby acquired an interest in said appeal; we find that this is true. After considering the entire record we have determined that the appeal dismissed as to C. B. Amos be reinstated and that the opinion be modified, allowing Amos a hearing upon his appeal upon the merits.

The next question presented is whether the plaintiff, Morris-Roberts Company, a corporation, mentioned in the opinion, can maintain the action by reason of the failure to comply with the laws of this state, as held in the opinion.

The opinion states the facts as to the organization of the company in Wyoming and the attempt of the company to

comply with the laws of this state, and we held in the opinion that the respondent had not substantially complied with the constitution and the statutes of this state governing foreign corporations doing business in this state, and therefore could not maintain an action in any of the courts of this state for breach of contract entered into during the time the corporation has failed to comply with the laws of the state.

Both petitioners have urgently argued upon rehearing that the court should reconsider the case and pass upon the entire record and merits of the case, and after carefully considering the record the court has concluded to dispose of the case upon the merits.

This action is an action to quiet title, a suit in equity. The trial court made findings of fact and also conclusions of law and entered a judgment in the case upon the facts and conclusions of law found by the court.

The evidence is very conflicting upon the real question in issue in this case, and that is, the validity of the transaction between the parties with reference to the contract by which the appellant, Ada M. Mariner, claims title to the land in controversy.

In Finding 3 the trial court found "that on or about the 22d day of April, 1909, one Frank S. Rayburn, and the defendant Ada M. Mariner desired to purchase from the plaintiff the following described lands, situated in Lincoln county, Idaho" (then follows a description of the lands in controversy). In Finding 4 the court found that on the 22d of April, 1909, the plaintiff agreed to sell to Rayburn and the defendant Mariner, for the consideration of $6,000, the land in controversy; and in Finding 5 the court finds that Rayburn and Mariner, and their agents, during the negotiations leading up to the purchase of the premises, stated that they desired to plat and lay out the lands and premises into blocks, lots, streets and alleys, and to sell and dispose of the same; and in Finding 6 the court finds that for the purpose of facilitating the platting of said tract so purchased and to aid and assist the said Frank Rayburn and Ada M. Mariner in laying out and platting the same, the plaintiff transferred the title

not only to the lands and premises above described, but also the following described lands to the said Rayburn and Mariner (then follows a description by metes and bounds), "together with all the buildings situated on all of the above-described premises. Also a piece or parcel of land on which is now located the dwelling-house of Edward M. Roberts same to be of an area of fifty by one hundred and twenty-five feet."

In Finding 7 the court finds that Rayburn and Mariner did not purchase the property described in Finding 6 and that the title to said premises was transferred to the grantees solely for the purpose of enabling the said grantees to more readily plat the lands and premises described and for no other purpose. In Finding 8 the court found that the plaintiff in this case and its officers, agents and representatives have at all times since the 22d of April, 1909, and now are and for a long time prior thereto have been, in the sole, exclusive, open and notorious possession of the premises last above described and the whole thereof. In Finding 9 the court finds that the property described in Finding 6 since the transfer to Rayburn and Mariner has been platted and laid out into lots, blocks, streets and alleys, but that the defendant Mariner has declined, neglected and refused to reconvey to the plaintiff the legal title of the lands and premises last above described and conveyed to her and to Rayburn in trust for the uses and purposes stated above. In Finding 10 the court finds that the Bliss Townsite Company has acquired an interest in the said premises which is subject and subordinate to the right, title and interest of the plaintiff, and that said interest was acquired therein by the Bliss Townsite Company with full notice and knowledge of the rights and claims of the plaintiff. In Finding 11 the court finds that plaintiff has been in possession of the property and that the defendants have no right, title or interest therein, and that whatever right or interest therein or thereto is held by the defendants is held in trust for the use and benefit of the plaintiff and not otherwise, and that such title, right and interest was acquired without any consideration, and solely for the purpose of holding the same in trust for the plaintiff. In Find-

ing 12 the court finds that on April 21, 1909, Edward Roberts, Dwight F. Morris and George H. Martin, partners doing business under the firm name and style of E. M. Roberts & Company, were the owners in fee simple of a full, legal and equitable title in and to the following described premises: (Then follows a description of the premises described in Finding 3, wherein the court held that on or about the 22d day of April, 1909, Rayburn and Mariner desired to purchase the property from the plaintiff, referred to as the "77-acre tract," and the tract of land described in Finding 6 and referred to as the "3-acre tract.") The court further found that neither Edward M. Roberts and wife, nor Dwight F. Morris, nor George H. Martin, nor the firm of E. M. Roberts & Co. nor any of them, ever had any right, title, interest or estate whatsoever in the premises described in the findings of the court. In Finding 16 the court finds that the intervenor, Charles B. Amos, acquired no right, title or interest in any of the premises described and has no right or title or interest or estate in said premises or in any portion thereof. The court finds that under and by virtue of a conveyance dated April 22, 1909, from Morris-Roberts Company, a corporation, to Frank S. Rayburn and Ada M. Mariner and by *mesne* conveyances there has been duly conveyed to the Bliss Townsite Company the premises in Finding 3 described, known as the "77-acre tract," and by virtue thereof the Bliss Townsite Company, corporation, is the owner in fee simple of a full, legal and equitable title in the said premises and entitled to the immediate possession thereof.

Then follow conclusions of law which provide that the plaintiff is the owner of the lands described and is entitled to a decree, and that the Bliss Townsite Company is the owner in fee simple of the premises described in Finding 3, and a decree is entered quieting the title to the above parties.

The evidence in this case is very voluminous and it would be of no avail to recite the evidence, for the reason that this court is satisfied that the preponderance of the evidence supports the trial court's findings and judgment, and the rule is established in this state that where there is substantial

evidence supporting the verdict and judgment rendered, the verdict and judgment will be affirmed.    (*Simons v. Daly,* 9 Ida. 87, 72 Pac. 507; *Rappel v. Hughes,* 10 Ida. 338, 77 Pac. 722; *McMahon v. Cooper,* 23 Ida. 413, 130 Pac. 456; *Denbeigh v. Oregon-Wash. R. & N. Co.,* 23 Ida. 663, 132 Pac. 112.)

The judgment is affirmed.    Costs awarded to respondent,

Sullivan, J., concurs.

AILSHIE, C. J., Concurring Specially.—I adhere to what is said in the original opinion in this case with reference to the noncompliance of the respondent corporation with the foreign corporation laws of this state, and of its inability to take or hold title to real estate.    In view, however, of the fact that it is shown that the company subsequently complied with the law in all respects, and that, prior to the final submission of this case to the trial court for its decision, the corporation had complied with the laws and the constitution of the state with reference to taking and holding title to property, it seems to me that under those circumstances it might lawfully have a decree in its favor quieting its title to property which it was in the sole and exclusive possession of at the time of the trial and had been for a long time prior thereto.    For these reasons, and in the light of all the facts and circumstances disclosed upon the rehearing in this case, I am inclined to concur in affirming the judgment which was entered in the trial court both in favor of the respondent corporation and that in favor of the Bliss Townsite Company. It is clear to me that the intervenor has no rights in the premises and was not entitled to recover.    For the foregoing reasons I concur in affirming the judgment.