**CALIFORNIA BREWING COMPANY,**
a corporation, Plaintiff,

v.

**J. O. RINO, d/b/a Rino Wholesale Candy Company, Defendant.**
**No. 1951.**

United States District Court
D. Idaho, E. D.
July 23, 1956.

Merrill & Merrill, Pocatello, Idaho, for plaintiff.

Louis F. Racine, Jr., Pocatello, Idaho, for defendant.

TAYLOR, District Judge.

This matter is before the Court on the plaintiff's motion to strike. The plaintiff served notice on the defendant requiring the said motion to be submitted on briefs, and the same have been fully considered by this Court.

The plaintiff is a corporation organized under the laws of the state of California. The defendant is a resident and citizen of the state of Idaho. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1332.

In its complaint the plaintiff alleges that during the period from March 30, 1953, to March 14, 1955, it sold and delivered to the defendant at Boise, Idaho, and Pocatello, Idaho, "by truck and rail" various quantities of beer and ale in the amount of $20,247.28, that payments were made and credits allowed on the said purchases in the sum of $4,425.57, and that the defendant owes the plaintiff a balance of $15,821.91, together with interest on the same at the rate of six per cent per annum. The defendant has answered and, in the second paragraph of his First Defense, asks this Court to dismiss the action or, in lieu thereof, to quash the return of summons on the ground that the plaintiff, a California corporation, was doing business in the state of Idaho during the period mentioned in the complaint although not authorized or licensed to do business in Idaho. The plaintiff has filed a motion to strike the said paragraph on the ground that it is immaterial and does not state a defense.

Section 30–504, Idaho Code, provides as follows:

"No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as provided in sections 30–501 and 30–502 can be sued upon or enforced in any court of this state by such corporation."

The Idaho Supreme Court has held that the said statutory provisions which refer to the qualifications of a foreign corporation to do business in the state of Idaho are mandatory, and that they must be complied with in order to enable such a corporation to maintain an action in the courts of this state to enforce its contracts. Tarr v. Western Loan and Savings Co., 15 Idaho 741, 746, 99 P. 1049, 21 L.R.A.,N.S., 707; Morris-Roberts Co. v. Mariner, 24 Idaho 788, 797, 135 P. 1166. But a foreign corporation is barred from suing upon a contract in any court of this state only when the said contract is a result of doing business

in Idaho. If the contract sued upon was made and performed outside of this state, the foreign corporation can bring an action for its enforcement in a state court. Bettilyon Home Builders Co. v. Philbrick, 31 Idaho 724, 727, 175 P. 958. "A foreign corporation bringing a suit upon a debt acquired by such corporation in a foreign state, and which has been and is in no way engaged in any business in the state, and which seeks only to enforce the right of action acquired by it in a foreign state, is not 'doing business' within the meaning of either the Constitution or the statute. Foore v. Simon Piano Co. [18 Idaho 167] 108 P. 1038; Bonham Nat. Bank v. Grimes Pass Placer Mining Co. [18 Idaho 629] 111 P. 1078." Diamond Bank v. Van Meter, 19 Idaho 225, 228, 113 P. 97, 98.

The plaintiff cites Colby v. Cleaver, C. C.Idaho 1908, 169 F. 206, Continental & C. T. & S. Bank v. Corey Bros. Const. Co., 9 Cir., 208 F. 976, and David Lupton's Sons Co. v. Automobile Club of America, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699, as authority for its contention that a foreign corporation which has not complied with the provisions of § 30–501 et seq., Idaho Code, is not precluded from bringing suit to enforce a contract in the federal court in Idaho. Each of the said cases thus relied upon by the plaintiff was decided prior to Erie Railroad Co. v. Tompkins, 304 U.S. 64, at page 78, 58 S.Ct. 817, at page 822, 82 L.Ed. 1188, 114 A.L.R. 1487, in which the Supreme Court of the United States declared:

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law."

In Angel v. Bullington, 330 U.S. 183, 192, 67 S.Ct. 657, 662, 91 L.Ed. 832, the Supreme Court stated that:

"Cases like David Lupton's Sons v. Automobile Club of America [supra], are obsolete insofar as they are based on a view of diversity jurisdiction which came to an end with Erie Railroad Co. v. Tompkins [supra]. That decision drastically limited the power of federal district courts to entertain suits in diversity cases that could not be brought in the respective State courts or were barred by defenses controlling in the State courts."

Angel v. Bullington was subsequently quoted with approval in Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524, which held that a Tennessee corporation which had not complied with a Mississippi statute requiring a foreign corporation doing business in that state to file a written power of attorney designating an agent on whom service of process could be made, and which provided that any foreign corporation which failed to comply with the said requirement would not be permitted to bring an action in " 'any of the courts of this state' ", barred an action in the federal court in Mississippi based on diversity of citizenship. See, also, American Universal Ins. Co. v. Sterling, 3 Cir., 203 F.2d 159, 161.

It is clear that, under the decisions of the Supreme Court of Idaho, a foreign corporation cannot maintain an action in any of the courts of this state to enforce a contract entered into at a time when the corporation has not complied with the requirements of § 30–501 et seq., Idaho Code. A foreign corporation which has not complied with the said statutory provisions cannot sue on such a contract in the federal court in Idaho. Woods v. Interstate Realty Co., supra.

"Although a motion to strike an answer may be granted if the motion presents a pure question of law, the motion cannot be granted if there is a substantial question of fact * * *" 1 Barron and Holtzoff, § 369. In the instant case there is a substantial factual question in regard to whether the plaintiff was doing business in the state of

Idaho at the time it entered into the contract or contracts on which it brings this action. "In order to succeed on a motion to strike matter from an answer it must be shown that the matter criticized is so unrelated to the plaintiff's claim as to be unworthy of any consideration as a defense." Ibid. Plaintiff has not made the required showing.

Accordingly, it is ordered that the plaintiff's motion to strike be, and the same is hereby, denied.