(November 15, 1910.)

# BONHAM NATIONAL BANK OF FAIRBURY, Respondent, v. GRIMES PASS PLACER MINING CO., LTD., Respondent, and EZRA E. HOWARD and I. V. HOWARD, Appellants.

[111 Pac. 1078.]

DEFECT OR MISJOINDER OF PARTIES DEFENDANT—JOINT LIABILITY—DEMURRER—FOREIGN CORPORATION—DOING BUSINESS IN THIS STATE—PLEADING BY FOREIGN CORPORATION—SUIT ON FOREIGN CONTRACT—GENERAL DEMURRER TO SEVERAL CAUSES OF ACTION.

### (Syllabus by the court.)

1. Where a contract pleaded *in haec verba* shows on its face a joint and several liability against the defendants and another party who is not made a party defendant, the defect in naming parties defendant, if any exists, cannot be raised by general demurrer going to the sufficiency of the complaint, but must be raised by special demurrer on the grounds of defect or misjoinder of parties defendant.

2. The prosecution of an action in this state for the collection of a debt contracted in another state, and payable in that state, does not constitute "doing business" in this state within the meaning of the constitution (sec. 10, art. 11) and the statute (sec. 2792, Rev. Codes).

3. Where a foreign corporation commences an action in this state and discloses upon the face of its pleading that it is a foreign corporation, it must then either show a compliance with the state laws entitling it to do business within the state or else show by the facts constituting its cause of action that the contract sued upon does not arise out of a domestic transaction or by reason of doing any business within this state. If, therefore, the contract sued upon shows upon its face that it is a foreign contract, and that it did not arise out of domestic business or a domestic transaction, the complaint will not be demurrable on account of the failure of the plaintiff to show compliance with the foreign corporation laws of this state.

4. Where a complaint contains several causes of action separately stated, and the demurrer is a general demurrer directed against the complaint as a whole and not against any separate cause of action, it should be overruled if any one of the causes of action is well pleaded.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Fremont Wood, Judge.

Action on two several promissory notes.   Judgment for plaintiff and defendants Howard appeal.   *Affirmed.*

Jackson & Taylor, for Appellants.

In matters of contract, a foreign corporation cannot transact business in this state nor maintain actions at law in this state in relation to such contracts before complying with the constitution and laws of the state, and can maintain no action on contract created before such compliance.   (*Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Valley Lumber etc. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20; *Tarr v. Western Loan & Savings Bank,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

The statute (sec. 2792) does not say *contracts* or *agreements,* or business *transactions,* but uses the singular, "*contract* or *agreement,*" evidently intending that one act is just as offensive as many by the outlaw corporation.   (5 Thompson on Corporations, sec. 6718; *Central Mfg. Co. v. Briggs,* 106 Ill. App. 417.)

Appellants having raised by special demurrer the lack of capacity on part of plaintiff to sue, and it appearing on the face of the complaint that plaintiff is a foreign corporation, appellants have pleaded within the well-settled rule of decision by this court.   (*Valley Lumber Co. v. Driessel, supra; Kiesel v. Bybee, supra.*)

C. S. Polk, for Respondent.

A misjoinder or nonjoinder of parties defendant could not be raised by general demurrer, and if the point had been raised by special demurrer, it would not have been well taken.   (*Decker v. Trilling,* 24 Wis. 610; *People v. Love,* 25 Cal. 521.)

If the complaint showed on its face that the action was based on a single transaction, a contract executed without the

state, or in the line of interstate commerce, and did not allege that complainant was "doing business" within the state, it would not be demurrable. The complainant was not "doing business" in the state of Idaho and the complaint contains no allegation that it was.

Foreign corporations can sue in this state, although not having complied with the statutes with reference to foreign corporations doing business in this state, where the business was interstate commerce. (*Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1039; *Toledo Computing Scale Co. v. Young,* 16 Ida. 187, 101 Pac. 257.)

A single transaction is not "doing business" within the inhibition of a statute requiring foreign corporations to perform certain things before "doing business" within the domestic state. (*Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. 739, 28 L. ed. 1137; *Ladd Metals Co. v. Am. Min. Co.,* 152 Fed. 1008; *Caesar v. Capell,* 83 Fed. 403; *Gilchrist v. Helena H. S. & B. R. Co.,* 47 Fed. 593; *Babbitt v. Field,* 6 Ariz. 6, 52 Pac. 755; *Florsheim Bros. Dry Goods Co. v. Lester,* 60 Ark. 120, 46 Am. St. 162, 29 S. W. 34, 27 L. R. A. 505; *Gates Iron Works v. Cohen,* 7 Colo. App. 341, 43 Pac. 667; *Colo. Iron Works v. Sierra Grande Min. Co.,* 15 Colo. 499, 22 Am. St. 433, 25 Pac. 325; *Miller v. Williams,* 27 Colo. 34, 59 Pac. 740; *W. H. Lutes Co. v. Wysong,* 100 Minn. 112, 110 N. W. 367; *Meddis v. Kenney,* 176 Mo. 200, 98 Am. St. Rep. 496, 75 S. W. 633; *Penn Collieries Co. v. McKeever,* 183 N. Y. 98, 75 N. E. 935, 2 L. R. A., N. S., 127, and note; *Del. & H. Canal Co. v. Mahlenbrock,* 63 N. J. L. 281, 43 Atl. 978, 45 L. R. A. 538.)

Where it does not appear that the corporation is doing business in the state, it need not, in the first instance, either allege or prove compliance with acts relating to corporations doing business within the state. (*Brown v. Guarantee Sav. Loan & Inv. Co.,* 46 Tex. Civ. App. 295, 102 S. W. 138; *Norton v. Thomas & Sons Co.* (Tex. Civ. App.), 93 S. W. 711.)

Taking assignment of valid claims against residents of state and suing thereon is not doing business by foreign corporation. (*A. Booth & Co. v. G. M. Weigand,* 30 Utah, 135, 83

Pac. 734, 10 L. R. A., N. S., 693; *Keene etc. Bank v. Lawrence,* 32 Wash. 572, 73 Pac. 680.)

A statute prescribing conditions on which foreign corporations may do business in the state does not prohibit such corporations from maintaining actions in the state founded on contracts made in other states. (*Mason v. Edward Thompson Co.,* 94 Minn. 472, 103 N. W. 507; *Powder River Cattle Co. v. Custer County,* 9 Mont. 145, 22 Pac. 383; *Derringer v. Derringer,* 5 Houst. (Del.) 416.)

Compliance with state laws is not essential to the right to sue on contracts made in other states. (*Robinson v. Am. Linseed Oil Co.,* 147 Fed. 885; *Union Sav. Bank & Trust Co. v. Baltimore etc. R. Co.,* 7 Ohio N. P., N. S., 497; *Lilly-Brackett Co. v. Sonneman,* 50 Wash. 487, 97 Pac. 505; 5 Thompson, Corp., sec. 6716.)

The institution and prosecution of a suit does not constitute doing business within the meaning of constitutional and statutory provisions against doing business in a state without compliance with certain requirements. (*Utley v. Clark-Gardner Lode Min. Co.,* 4 Colo. 369; *St. Louis O. & T. R. Co. v. Phila. Fire Assn.,* 55 Ark. 163, 18 S. W. 43, and cases cited in notes to 24 L. R. A. 289.)

AILSHIE, J.—This action was instituted to recover judgment on two promissory notes. The defendants Howard appeared and filed a demurrer. The demurrer was overruled and they declined to answer, and judgment was thereupon entered against them. This appeal is from the judgment.

The complaint was filed against the Grimes Pass Placer Mining Co., Ezra E. Howard and I. V. Howard as defendants, and contains two causes of action separately stated.

The first cause of action was on a promissory note for the sum of $500 dated at Fairbury, Neb., September 16, 1908, payable to the order of Bonham National Bank of Fairbury, and payable at the Bonham National Bank at Fairbury, Neb. The note was pleaded *in haec verba,* and the copy set out in the pleadings showed the note to have been signed by one A. E. Woodman in addition to the signatures of the defendants in this action. The allegation of the complaint which imme-

diately precedes the copy of the note is as follows: "That the defendants on or about September 16th, 1908, jointly and severally made, executed and delivered to the plaintiff their promissory note in writing in words and figures as follows, to wit." It is contended by the appellant that the demurrer should have been sustained, for the reason that the note set out in the complaint is not the contract sued upon, for the reason that it purports to be a note signed by the defendants and Woodman instead of a note signed by the defendants as alleged by the foregoing quotation from the complaint.

This objection is not well taken. Although the copy of the note pleaded contained the name of another maker, that fact did not change the liability of the defendants sued. They were still jointly and severally liable for the payment of the note, and the fact that Woodman was also jointly and severally liable with them did not change or alter the liability of the other makers or make them any less jointly and severally liable as between themselves and the holder of the note. (See sec. 4147, Rev. Codes.) The demurrer was taken on the ground of insufficient facts to constitute a cause of action, and not on grounds of "defect or misjoinder of parties defendant." The complaint does state a "cause of action" against these defendants just as fully as it would be stated if Woodman had been joined as a party defendant. If there is a defect or misjoinder of parties defendant, that question should have been raised by demurrer on that ground (subd. 4, sec. 4174, Rev. Codes), and a failure to do so is a waiver of such ground. (Sec. 4178, Rev. Codes.)

The second cause of action was on a promissory note for the sum of $500, executed at Boise, Idaho, November 3, 1908, payable to the order of John A. Green, and this note was set out in full, and appears to have been signed by one G. T. Joslin in addition to the defendants herein named. The same objection is made to this cause of action as to the first cause of action, on the ground that the note pleaded was executed not only by the defendants, but that Joslin had joined them as a joint and several maker. What we have said with reference to the first cause of action disposes of this question.

The demurrer alleged the further ground "that the plaintiff has no legal capacity to sue," for the reason that the complaint shows that plaintiff is a foreign corporation, and that it does not allege a compliance by plaintiff with the foreign corporation laws of this state. The argument in this connection involves a somewhat complex proposition. While the complaint alleges that the plaintiff is a foreign corporation, and does not allege that it had in any way complied with the laws of this state with reference to foreign corporations doing business in this state, still it nowhere directly alleges that the plaintiff was, or ever had been, doing business in this state. If that fact has in any way been pleaded, it must be gathered from the general allegations of the complaint which show the nature of the contract and the transaction on which the cause of action is based. The first cause of action is clearly a Nebraska contract which was executed in Nebraska and was to be performed in Nebraska. Under such circumstances we have no doubt but that the payee, if it finds it necessary, may come to this state and prosecute its action for the collection of the debt. The mere prosecution of an action for the collection of a debt contracted in another state and payable in another state is not "doing business" in this state within the meaning of the constitution (sec. 10, art. 11) and the statute (sec. 2792) of this state. (*Toledo Computing Scale Co. v. Young,* 16 Ida. 187, 101 Pac. 257; *Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038.)

This case presents a new question with reference to a foreign corporation pleading compliance with the laws of this state in order to maintain an action in the courts of the state. We have heretofore held that where a plaintiff shows by its pleading that it is a foreign corporation, its complaint will be open to demurrer unless it further pleads a compliance with the constitution and laws of this state entitling it to do business in the state. (*Valley Lumber Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20.) In those cases, however, the complaint alleged that the corporation was "doing business" in

this state. In the complaint in this case, no such allegation is to be found. The reason for the rule previously announced by this court would lead to the inevitable conclusion, however, that if the complaint shows that the plaintiff is a foreign corporation, it must then either show a compliance with the state laws entitling it to do business in this state, or show by the facts constituting its cause of action that the transaction sued on does not arise out of "doing business within this state." If, therefore, the contract sued upon shows upon its face, as in the first cause of action in this case, that it is a foreign contract and that it did not arise out of domestic business or a domestic transaction, the complaint is not demurrable on account of the failure of the plaintiff to show compliance with the state law. If, on the other hand, the cause of action sued upon or the facts pleaded do not show a transaction or a contract such as would exempt the corporation from complying with the state laws, it should plead compliance, or its complaint will be subject to demurrer.

The transaction set up in the second cause of action presents a different situation from that presented by the first cause of action. There the contract is an Idaho contract. It does not appear from the face of the complaint whether the plaintiff procured the note in due course of business at its banking-house in Nebraska or purchased it within this state in the transaction of business here. Another peculiar feature about it is that the complaint does not allege that the plaintiff is the owner and holder of this note, but rather alleges that "on or about December 13, 1909, said John A. Green by written indorsement assigned said note to this plaintiff." We are not advised by this allegation whether the plaintiff is the owner of the note or is merely an assignee for collection. If the plaintiff is acting as a collection agent against the people of this state, that would amount to "doing business" within the meaning of the statute and constitution as much as if it were engaged in any other business in this state. We are, however, not required to pass on this phase of the question, for the reason that the demurrer was not taken to the causes of action separately but goes to the whole complaint,

and the rule is that where a demurrer is lodged against a complaint generally which contains several causes of action, if any one of the causes of action will withstand the assault of the demurrer, then the demurrer should be overruled. (*Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777; *Hirshfeld v. Weill,* 121 Cal. 13, 53 Pac. 402; Pomeroy's Remedies and Remedial Rights, sec. 577.)

For these reasons the judgment must be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., concurs.

Petition for rehearing denied.