(February 24, 1921.)

HARRY H. HOFFSTATER, Appellant, v. EARL W. JEWELL, ANNA B. JEWELL, His Wife, and the MOUNTAIN HOME CO-OPERATIVE IRRIGATION COMPANY, a Corporation, Respondents.

[196 Pac. 194.]

FOREIGN CORPORATIONS—DOING BUSINESS.

    1. A foreign corporation is prohibited by the constitution from doing any business within this state until it has complied with the provisions thereof.

    2. A foreign corporation which engages in the transaction of that kind of business, or any part thereof, for which it was created and organized, is "doing business" within the meaning of the constitution and statutes of this state.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. James R. Bothwell, Judge.

    2. What constitutes doing business in state by foreign corporation, see notes in 2 Ann. Cas. 307; 6 Ann. Cas. 744; 8 Ann. Cas. 942; 11 Ann. Cas. 320; Ann. Cas. 1912A, 553; Ann. Cas. 1913E, 1154; Ann. Cas. 1916A, 515; Ann. Cas. 1918C, 539; Ann. Cas. 1918E, 1248.

Action to foreclose mortgage. Judgment for defendant Mountain Home Co-operative Irrigation Company. *Affirmed.*

Chas. M. Kahn, for Appellant.

Statutes regulating foreign corporations and requiring the performance of certain acts by them do not relate to taking of single mortgage or purchase or sale of single piece of real property. Such acts do not constitute doing business. (*Florsheim Bros. Dry Goods Co. v. Lester & Lester,* 60 Ark. 120, 46 Am. St. 162, 29 S. W. 34, 27 L. R. A. 505; *Babbit v. Field,* 6 Ariz. 6, 52 Pac. 775; *Roseberry v. Valley Bldg. & Loan Assn.,* 35 Colo. 132, 83 Pac. 637; *Keene Bank v. Lawrence,* 32 Wash. 572, 73 Pac. 681; *Broadway Bond St Co. v. Fidelity Printing Co.,* 182 Mo. App. 309, 170 S. W. 394; *Louisville Property Co. v. Mayor,* 114 Tenn. 213, 84 S. W. 810; *Ferkel v. Columbia Clay Works,* 192 Fed. 119, 112 C. C. A. 406; *Gilchrist v. Helena, H. & S. R. Co.,* 47 Fed. 593; *Equitable Trust Co. v. Western L. & P. Co.,* 38 Cal. App. 535, 176 Pac. 876; *General etc. Free Baptists v. Berkey,* 156 Cal. 466, 105 Pac. 411; *Wilson v. Peace,* 38 Tex. Civ. 234, 85 S. W. 31; Cook on Corp., 7th ed., 2348–2350.)

Sullivan & Sullivan, for Respondent Mt. Home Co-op. Irr. Co.

The transactions of the Randall Co. in Idaho consisted of the doing of such a substantial part of its ordinary business in the state as to constitute "doing business." (12 R. C. L. 71; *John Deere Plow Co. v. Wyland,* 69 Kan. 255, 2 Ann. Cas. 304, 76 Pac. 863.)

A foreign corporation "is within the statute if it has an office and does any part of its ordinary business within the state, or by the weight of authorities if it does any part of its ordinary business in the state, whether it has an office there or not." (3 Clark & Marshall on Priv. Corp., sec. 846; 5 Thompson on Corp., sec. 6670.)

Where a foreign corporation has a single transaction which is not merely incidental or casual, but part of the very business for the performance of which the corporation existed, such transaction distinctly indicates a purpose on the part of the corporation to engage in business within the state, and to make such state a part of its field of operation where a substantial part of its ordinary traffic is to be carried on, and in such a case the one transaction is doing business within the state. (*John Deere Plow Co. v. Wyland,* 69 Kan. 255, 2 Ann. Cas. 304, 76 Pac. 863; *Farrior v. New England Mort. S. Co.,* 88 Ala. 275, 7 So. 200; *Chattanooga Nat. Bldg. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. ed. 870; *Rich v. Chicago etc. R. Co.,* 34 Wash. 14, 74 Pac. 1008; *Dundee M. T. & I. Co. v. Nixon,* 95 Ala. 318, 10 So. 311; *Christian v. American F. L. M. Co.,* 89 Ala. 198, 7 So. 427; *State v. Bristol S. Bk.,* 108 Ala. 3, 54 Am. St. 141, 18 So. 533; *Sullivan v. Sullivan T. Co.,* 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; *Florsheim Bros. D. G. Co. v. Lester,* 60 Ark. 120, 46 Am. St. 162, 29 S. W. 34, 27 L. R. A. 505; *People v. Horn Silver Min. Co.,* 105 N. Y. 78, 11 N. E. 155; *General C. O. F. B. v. Berkey,* 156 Cal. 466, 105 Pac. 411; *Lowenmeyer v. National Lumber Co.* (Ind. App.), 125 N. E. 67; *People ex rel. Wall etc. v. Miller,* 181 N. Y. 328, 73 N. E. 1102; *Santa Clara F. A. v. Sullivan,* 116 Ill. 375, 56 Am. Rep. 779, 6 N. E. 183; *Pennsylvania A. Co. etc. v. Bauerle,* 143 Ill. 462, 33 N. E. 166.)

An Idaho real estate corporation, organized for the purpose of holding and disposing of a single tract of land in Oregon, must, before so doing, comply with the foreign corporation laws of Oregon. (*Weiser Land Co. v. Bohrer,* 78 Or. 202, 152 Pac. 869; *Green v. Kentenia Corp.,* 175 Ky. 661, 194 S. W. 820; *Donaldson v. Thousand S. P. Co.,* 29 Ida. 735, 162 Pac. 334; *Foore v. Simon Piano Co.,* 18 Ida. 168, 108 Pac. 1038; *Tarr v. West. Loan & S. Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

RICE, C. J.—This is an action to foreclose a mortgage given by Earl W. Jewell and wife to the G. W. Randall Com-

pany, a Washington corporation, and by it assigned to the appellant. The respondent Mountain Home Co-operative Irrigation Company, a domestic corporation, was made a party defendant and filed a cross-complaint, asking for the foreclosure of a mortgage which it held covering the same property as that described in the complaint. The answers filed by the defendants in the district court alleged that the G. W. Randall Company was a foreign corporation doing business in the state of Idaho without having complied with the constitution and laws of this state regarding the filing of articles of incorporation with the Secretary of State and the county recorder, and the designation of an agent upon whom process might be served. The lower court found that the G. W. Randall Company was a foreign corporation engaged in doing business in the state of Idaho without complying with the provisions of the constitution and laws of this state relating to foreign corporations; that the appellant took the notes and mortgages in bad faith and with notice that "there were infirmities in the said notes and mortgage, and that the title of said G. W. Randall Company in and to said notes and mortgage was defective."

Judgment was entered, decreeing that appellant take nothing by reason of his complaint and that the mortgage of respondent irrigation company be foreclosed. A motion by appellant for a new trial was denied. The appeal is from the judgment and from the order denying appellant's motion for a new trial.

It appears from the record that G. W. Randall purchased the land in question in the year 1907 as an investment, intending to improve it as a fruit orchard. Mr. Randall testified as follows:

"In 1907 I was at Mountain Home and bought in my own name for my own use this land that is now under consideration. And the spring following I had arranged with a brother, Stephen Randall, and one Maxwell, both of Massachusetts, to come out and work the land for a period of years for an interest. I was to furnish the capital and do certain other things, and to protect their interest in the

event of my death, by mutual agreement a deed was made by me individually of this land to my sister, Emma A. Randall, pending such time as I could perfect a corporation for a holding company for the same purpose of protecting their interest in the event of my death. In 1909, after the corporation was organized, a deed was made by my sister to the corporation. That was the first time that it had taken title to any real estate. In March, 1911, Mr. Jewell, who lived in Seattle at that time, came to me with a real estate agent by the name of Mallory. At this time, March, 1911, my brother and Maxwell had become very much dissatisfied and wanted to give up their contract. In accordance with their wishes I bought them out, settled with them and sold to Jewell under contract. Later on, Jewell wanted a deed and the papers were prepared by attorneys in Mountain Home and were executed here.''

The articles of incorporation of the G. W. Randall Company state its purposes in part as follows:

''To do a general real estate business without territorial limitation, which general real estate business shall include every phase of the business, including the sale and mortgage of real estate and all interests therein owned by said company; also the leasing and selling of real estate of, other corporations and persons, as well as the contracting for the purchase and sale thereof. . . . .''

The corporation took title to other tracts of land which had been owned by G. W. Randall. It thereafter made contracts of sale and exchange, and finally disposed of its holdings in this state.

Art. 11, sec. 10, of the constitution is as follows: ''No foreign corporation shall do any business in this state without having one or more known places of business, and, an authorized agent or agents in the same, upon whom process may be served, and no company or corporation formed under the laws of any other country, state, or territory, shall have or be allowed to exercise or enjoy, within this state any greater rights or privileges than those possessed or enjoyed

by corporations of the same or similar character created under the laws of this state.''

C. S., secs. 4772 to 4776, inclusive, prescribe the conditions which must be complied with by foreign corporations ''before doing business in this state.'' It is admitted that these conditions were not complied with.

It appears that from the year 1909 until March, 1911, the corporation was engaged under some kind of a contract with Stephen Randall, and Maxwell in attempting to develop the land as an investment and for profit. This was doing business. (*Weiser Land Co. v. Bohrer,* 78 Or. 202, 152 Pac. 869.) *Von Baumbach v. Sargent Land Co.,* 242 U. S. 503, 37 Sup. Ct. 201, 61 L. ed. 460, was a case where it became necessary to construe a statute providing for the assessment of a tax upon the privilege of doing business in a corporate capacity. Under that statute ''business'' was defined as ''that which occupies the time, attention and labor of men for the purpose of a livelihood or profit.'' The amount or volume of business done is immaterial. The constitution prohibits the doing of any business in the state without compliance with its provisions. (*Farrior v. New England Mtg. Security Co.,* 88 Ala. 275, 7 So. 200.)

In dealing with the land in question, the G. W. Randall Company was doing that for which it was created, and in part at least that which it was especially organized to do. The transactions which it performed cannot be said to be single or isolated; neither were they casual or incidental.

C. S., sec. 4775, provides that: ''No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as provided in sections 4772 and 4773 can be sued upon or enforced in any court of this state by such corporation.''

It was conceded at the argument that the appellant in this case stands in the shoes of the foreign corporation. The action to foreclose his mortgage, therefore, cannot be maintained.

The effect upon the title to the land in controversy of a determination that the corporation was doing business in this

state was suggested by counsel for appellant, but that question is not involved in the issues presented, either by the complaint or cross-complaint filed in this case.

The judgment is affirmed. Costs awarded to respondents.

Budge, McCarthy, Dunn and Lee, JJ., concur.