## JUTILA v. FRYE.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4641.

1. **Parties** ⊜⇒76(1)—**Objection to defect of parties waived, where question not raised by answer or demurrer.**

In a death action, where complaint merely alleged plaintiff was husband of deceased, without alleging that he was sole heir, *held*, that question of defect of parties, in view of Comp. St. Idaho 1919, § 6644, was waived, where defendant did not raise objection thereto by motion, demurrer, or answer, but made motion for directed verdict and new trial, after it appeared at trial that deceased had two daughters, who were her other heirs.

2. **Death** ⊜⇒99(4)—**$1,500 damages not excessive for wife's death.**

$1,500 damages for death of wife is not excessive.

3. **Death** ⊜⇒84—**Beneficiaries may recover for medical and funeral expenses.**

In an action for wrongful death, beneficiaries may recover medical and funeral expenses, which they have paid and for which they are liable; provided reasonable value thereof is shown and amounts charged are reasonable.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by J. H. Frye against John Jutila. Judgment for plaintiff, and defendant brings error. Affirmed.

James A. Wayne, of Wallace, Idaho, for plaintiff in error.

Robert H. Elder, of Cœur d'Alene, Idaho, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was an action by a husband to recover damages re-

sulting from the death of his wife through the wrongful act and neglect of the defendant. The jury returned a verdict in the sum of $1,500 in his favor, and the judgment has been brought here for review.

[1] Section 6644 of the Idaho Compiled Statutes of 1919, provides:

"When the death of a person, not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

The complaint did not allege that the husband was the sole heir of the wife, nor did it contain anything on that subject, beyond the simple allegation that he was the husband. No objection was interposed to the complaint on that ground by motion, demurrer, or answer. During the progress of the trial it appeared that the deceased was survived by two daughters, who were likewise heirs, and because thereof the plaintiff in error moved for a directed verdict, and also petitioned for a new trial. It is the settled rule in Idaho, as in most jurisdictions, that an objection for defect of parties is waived, unless raised by demurrer or answer. Bonham Nat. Bank v. Grimes Pass. P. M. Co., 18 Idaho, 629, 111 P. 1078; Anthes v. Anthes, 21 Idaho, 305, 312, 121 P. 553; Trask v. Boise King Placers Co., 26 Idaho, 290, 299, 142 P. 1073.

The deceased was injured in a collision between an automobile driven by the plaintiff in error and an automobile in which she was riding as a passenger, and died about a month later, as a result of the injuries thus sustained. The sufficiency of the testimony to prove negligence on the part of the plaintiff in error, or to prove that the injuries were the proximate cause of death, is challenged by two of the assignments of error; but the testimony was so clear and overwhelming on these points that the assignments are entirely without merit. The testimony was ample to show that at the time of and immediately preceding the collision the plaintiff in error was driving his automobile at a dangerous and reckless rate of speed, that he was on the wrong side of the highway, and that he had just passed another moving vehicle on a sharp curve, when the view ahead was not clear for at

8 F.(2d)—39

least 100 yards, in contravention of a statute of the state. Proof that death resulted from the injuries was equally clear and convincing.

[2] Another assignment of error challenges the sufficiency of the testimony to support the recovery; but it is so apparent that a recovery of $1,500 by a husband for the death of his wife is not excessive that we will not discuss the assignment, except in connection with an exception to the charge of the court permitting a recovery for hospital and medical services.

[3] Our attention has not been called to any decision of the Supreme Court of Idaho on that question, but the authorities from other jurisdictions fully sustain the ruling of the court below. "While under some decisions, adhering to the strict rule that the sole measure of damages is the pecuniary loss occasioned by the destruction of the life of the deceased person, there can be no recovery for medical or funeral expenses, the weight of authority is to the effect that recovery can be had for medical and funeral expenses which have been paid by the beneficiaries, or for which they are liable, provided reasonable value thereof is shown, and provided it appears that the amounts charged are reasonable." 17 C. J. 1338.

The judgment is affirmed.