(No. 4516.    April 5, 1927.)

ADJUSTMENT BUREAU OF THE PORTLAND ASSOCIATION OF CREDIT MEN, a Corporation, Respondent, v. JOHN W. CONLEY, Appellant.

[255 Pac. 414.]

CORPORATIONS — FOREIGN CORPORATIONS — WHAT CONSTITUTES "DOING BUSINESS IN STATE"—COMPLIANCE WITH STATUTES.

1.  Agreement of foreign corporation to take charge of business of local corporation, together with acts of such corporation in conducting business for several days, and bringing suit to avoid assignment for benefit of creditors, is more than an "isolated transaction" and to constitute "doing business within state," within meaning of C. S., secs. 4772, 4773 and 4775, enacted in pursuance of Const., art. 11, sec. 10, and requiring certain filings in order to authorize suit on contract or agreement.

2.  It is not length of time that foreign corporation is within state, nor volume of business done, but rather the purpose for which it comes, that determines whether compliance with C. S., secs. 4772, 4773, requiring certain filings, is necessary.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.  Hon. B. S. Varian, Judge.

Action to avoid a contract between corporation and a stockholder.  Judgment for plaintiff.  *Reversed and remanded.*

Van de Steeg & Breshears and T. A. Walters, for Appellant.

The complaint shows upon its face that the plaintiff is a foreign corporation.  It must then either show a compliance with the laws of the state of Idaho entitling it to do any business within the state, or else show by the facts constituting its cause of action that it does not arise out of a domestic transaction or by reason of doing any business within the state.  (Const., art. 11, sec. 10; C. S., sec. 4772; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Bonham Nat. Bank v. Grimes Pass Min. Co.,* 18 Ida. 629, 111 Pac. 1078; *Hoffstater v. Jewell,* 33 Ida. 439, 196 Pac. 194; *Muller Mfg. Co. v. First Nat. Bank,* 176 Ala. 229, 57 So. 762; *Bettilyon Home Bldg. Co. v. Philbrick,* 31 Ida. 724, 175 Pac. 958; *Thomas v. Birmingham Ry. Light & Power Co.,* 195 Fed. 340; *Donaldson v. Thousand Springs Power Co.,* 29 Ida. 735, 162 Pac. 334; *Langston v. Phillips,* 206 Ala. 174, 89 So. 523; *Paul v. Patterson Cigar Co.,* 210 Ala. 532, 98 So. 787; *Chattanooga National Bldg. & L. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. ed. 870; *Weiser Land*

---

Publisher's Note.

1.  Commission of a single act as "doing business" in state, see notes in Ann. Cas. 1912E, 1154; 8 L. R. A. 236; 24 L. R. A. 297; 2 L. R. A., N. S., 127.  See, also, 12 R C. L. 70.

See Corporations, 14a C. J., sec. 3979, p. 1273, n. 5, p. 1274, n. 6, 7.

*Co. v. Bohrer*, 78 Or. 202, 152 Pac. 869; *S. R. Smythe Co. v. Fort Worth Glass & S. Co.*, 105 Tex. 8, 142 S. W. 1157.)

G. W. Lamson and Wm. B. Layton, for Respondent.

The plaintiff does not seek a recovery in this suit on account of any transaction arising out of doing business within the state. It is therefore not necessary for the plaintiff in this case to plead and prove compliance with the laws of the state of Idaho entitling it to do business within the state. (*Toledo Computing Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257; *Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038; *Bonham Nat. Bank v. Grimes Pass Placer Min. Co.*, 18 Ida. 629, 111 Pac. 1078; *Bettilyon Home Builders Co. v. Philbrick*, 31 Ida. 724, 175 Pac. 958.)

Even were it possible to find that plaintiff has done business within the state of Idaho, and that this action is brought upon a contract arising out of such doing of business, a single act is not within the prohibition of the statute and constitution. (*Weiser Land Co. v. Bohrer*, 78 Or. 202, 152 Pac. 869; *Cooper Mfg. Co. v. Ferguson*, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. ed. 1137; *Cockburn v. Kingsley*, 25 Colo. App. 89, 135 Pac. 1112; *Keene Guaranty Savings Bank v. Lawrence*, 32 Wash. 572, 73 Pac. 680; *General Motors Acceptance Corp. v. Lund*, 60 Utah, 247, 208 Pac. 502; *Booth & Co. v. Weigand*, 30 Utah, 135, 83 Pac. 734, 10 L. R. A., N. S., 693; *Barse Live Stock Co. v. Range Valley Cattle Co.*, 16 Utah, 59, 50 Pac. 630.)

TAYLOR, J.—Plaintiff, respondent, a foreign corporation, brought this action as assignee of the Badger Furniture Company, a domestic corporation, to set aside a deed whereby the Badger Furniture Company had conveyed real estate to defendant, and to recover a money judgment. Defendant, by demurrer, by answer, by objection to the introduction of evidence, and by motion made at the close of plaintiff's evidence, raised the objection that plaintiff was a foreign corporation doing business in the state of Idaho,

and had not complied with the provisions of the constitution and laws of Idaho to entitle it to maintain this action. It will be unnecessary to treat of the efficacy of the objection earlier than at the close of the evidence. The defendant at that time moved the court to enter judgment in his favor upon the following ground:

"That the evidence discloses .... that the plaintiff is a foreign corporation which has not complied with the constitution and laws of the state of Idaho, relative to doing business therein, and that it has been transacting business in the state of Idaho within the meaning of the statute of the state in such cases made and provided, and that it has no legal capacity to institute or maintain an action."

This motion was denied. The defendant offered no evidence, and the court made findings and entered judgment for plaintiff, from which this appeal is taken.

The Badger Furniture Company was conducting a retail furniture store in Nampa. On March 5, 1923, it authorized an assignment to plaintiff for the benefit of creditors. The assignment was executed at Nampa, and recites the purposes thereof as follows:

"This transfer is made nevertheless in trust for the uses and purposes following, to wit:

"1st. To take possession of all of said personal property.

"2nd. To insure the same against loss by fire.

"3rd. To sell and dispose of said stock of merchandise at retail sales or in bulk as may to the said party of the second part seem most advantageous and to collect said notes and accounts by legal process or otherwise.

"4th. Out of the proceeds arising from said sales and collections to pay the actual and necessary expense incurred in carrying out this trust.

"5th. Out of the proceeds remaining after the payment of such expenses, to pay all of the creditors of said parties of the first part in full, if sufficient funds be realized therefor, and if not, then pro rata in accordance with the

amounts of the respective claims and demands of said creditors and without preference except as is fixed by law.

"6th. To return the overplus, if any there be, to the said party of the first part."

Plaintiff brought this action on behalf of all such creditors.

Section 10, article 11, of the constitution, provides that "No foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served. . . . . "

To make this effective, C. S., secs. 4772 and 4773, were enacted, requiring compliance by certain "filings," and section 4775 was to enforce compliance, which provides:

"No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as provided in sections 4772 and 4773 can be sued upon or enforced in any court of this state by such corporation."

[1] Plaintiff attempts, by pleading and argument, to bring itself within the rule that an "isolated transaction" does not constitute doing business in the state. But the agreement itself, the authority for plaintiff's conduct, the bringing of this suit, and the acts and conduct of the plaintiff, indicate that the transaction was here an agreement that the plaintiff would, as it did, enter into and conduct and do business in Idaho, which could hardly come under the rule applicable to one transaction.

As stated in *Portland Cattle Loan Co. v. Hansen Live Stock & Feeding Co.,* 43 Ida. 343, 251 Pac. 1051, ". . . . The question of when a foreign corporation is doing business within a state . . . . must be decided upon the particular facts and circumstances entering into the transaction."

An agent of plaintiff took charge of the business on March 5, 1923, and thereafter plaintiff conducted the business for several days, making aggregate retail sales to the public, in the same manner and method as the Badger

Furniture Company had theretofore conducted the business, in the sum of $531. The stock, fixtures and furnishings of the store were disposed of in Nampa and delivered to purchasers there, and plaintiff paid the rent on the store building while it conducted the business.

[2] It is not the length of time that a foreign corporation is here, nor the volume of business done while here,— it is the purpose for which it comes that determines whether compliance with the statute is necessary. (*Hoffstater v. Jewell*, 33 Ida. 439 (444), 196 Pac. 194.)

Respondent cites in its support *Barse Live-Stock Com. Co. v. Range Valley Cattle Co.*, 16 Utah, 59, 50 Pac. 630, in which the court said:

"The general doctrine, as laid down in Thompson on the Law of Corporations (section 7936) is: 'The general conclusion of the courts is that isolated transactions, commercial or otherwise, taking place between a foreign corporation domiciled in one state and citizens of another state, are not a doing or carrying on of business by the foreign corporation within the latter state, but that these prohibitions are leveled against the act of foreign corporations *entering the domestic state by their agents, and engaging in the general prosecution of their ordinary business therein.*'" (Italics ours.)

If, as maintained, the contract was an isolated transaction, and if, to carry it out, or prior to enforcing it in the present action, the plaintiff had not done any business in this state, the rule as to an isolated transaction might be of avail. But when, as a part of the agreement, it undertakes to come into, and does come into, the state to conduct the business for which it is organized, the acting as assignee of embarrassed domestic corporations, the conduct of their business, and the collecting of their assets, it is not only doing its own business in the state, but that of the domestic corporation as well, and that as an assignee and not as owner of the cause of action sued upon which action was

only of the incidental processes contemplated in doing business for itself and of the assignee.

Even if the assignment or the acquiring of this cause of action be considered as an isolated transaction, and the rights of plaintiff acquired as such, yet when it began the doing of business in the state, which it plainly was doing, it could not thereafter enforce this contract, the assignment, in any court, prior to making the "filings" referred to in C. S., secs. 4772, 4773 and 4775.

While perhaps *dicta* therein, the language of *Bonham Nat. Bank v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 111 Pac. 1078, is peculiarly applicable to the facts in this case, and a fit and proper rule to be announced herein, that "If the plaintiff is acting as a collection agent against the people of this state, that would amount to 'doing business' within the meaning of the statute and constitution as much as if it were engaged in any other business in this state."

It is unnecessary to discuss further errors assigned.

The judgment is reversed and the cause remanded, with instructions to dismiss the action. Costs to appellant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Budge, J., concurs in the conclusion reached.