The REPUBLIC OF INDONESIA, Appellant,

v.

J. R. SIMPLOT COMPANY, Appellee.

No. 13641.

United States Court of Appeals, Ninth Circuit.

March 10, 1955.

Budge & Clemons, Robert W. Green, Boise, Idaho, for appellant.

Richards, Haga & Eberle, Robert I. Troxell, J. L. Eberle, T. H. Eberle, W. D. Eberle, Boise, Idaho, for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and HAMLIN, District Judge.

DENMAN, Chief Judge.

The Republic of Indonesia appeals from a judgment in a suit based on diversity of citizenship on two contracts, one for the sale to appellant of three million pounds of dehydrated potatoes and the other for a million and a half pounds.

The court held appellant cannot recover from appellee the cost of unloading the potatoes on to the railway dock at Portland from the railway cars. Appellant contends the District Court erred in construing the contracts of sale as placing this cost on the appellant.

Appellee contends that the District Court lacked such jurisdiction because appellant is suing as assignee of a contract made between a foreign corporation, Agricultural Machinery Corporation, a New York corporation admittedly not qualified to do business in Idaho. The Idaho Supreme Court, in a suit to foreclose a mortgage, holds that the assignee of such an unqualified foreign corporation cannot sue in the courts of that state. Hoffstater v. Jewell, 33 Idaho 439, 196 P. 194. Were this the situation the appellant not being able to bring suit in the state courts, the federal district court would have no jurisdiction to entertain it in a diversity of citizenship case. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524.

■ However, the foreclosure was a purely intrastate transaction while in the instant case the transportation of the potatoes was by rail to begin in Idaho and to proceed to Portland, Oregon, where the purchaser was to have them delivered to it. In such a case involving interstate transportation for sale the Idaho Supreme Court holds, in Marshall Wells Co. v. Kramlich, 46 Idaho 355, 267 P. 611, that it may be maintained in the Idaho State courts. In the Kramlich case the goods were shipped from outside states to be delivered to the buyer in Idaho. We can see no difference between that and the instant case. Since the suit may be maintained in the Idaho state courts, it may be entertained in the federal Idaho District Court, the parties being of diverse citizenship and the jurisdictional damage claimed.

The appellant's contention is based on the provision of the contracts of sale each of which contains the provision:

"Price: 17¢ per lb. f. o. b. Docks, Portland, Oregon."

The letters, "f. o. b." means "free on board". In rail transportation the word "dock" means a railway platform, a meaning so well established that it is stated in Webster's International Dictionary. In this, rail differs from water transportation, the word "dock" in the latter meaning the water area next to a wharf, in which a ship may lie.

Appellant contends that free on board docks Portland, Oregon means free on board the railway platform at Portland and that the district court erred in holding that it meant free on board the "means of conveyance", the railway cars, and that the seller was not to pay the cost of unloading from the cars to the railway platform.

■ We agree with the District Court that the words "on board" do not mean lying on a railway platform, but are confined to the instruments of conveyance, here the railway cars. No transportation man would consider a mass of goods lying on a platform as "on board" it. We think the phrase means free on board the railway cars at the railway platform in Portland.

■ Appellant concedes that the question has not been considered in the federal courts. Here it is clear that the title was transferred in Portland. That

the buyer intended thereafter to export from Portland the goods he purchased there does not change the obligation stated in the contract. Many cases state that the phrase "f. o. b." means free on board a vehicle of conveyance.[1] A railway platform is not such a vehicle of conveyance.

The judgment is affirmed.

1. Electric Furnace Co. v. Fire Ass'n of Phildelphia, D.C.Ohio, 111 F.Supp. 789, 792; Rose v. Weinberger, 108 Ga. 533, 34 S.E. 28, 29; Rogers v. Union Iron & Foundry Co., 167 Mo.App. 228, 150 S.W. 100, 104; Standard Sewing Equipment Corp. v. Motor Specialty, Inc., 263 Wis. 467, 57 N.W.2d 706, 708; cf. Hatcher v. Ferguson, 33 Idaho 639, 643, 198 P. 680, 16 A.L.R. 590; cf. Ehlinger v. Washburn-Wilson Seed Co., 51 Idaho 17, 19, 1 P.2d 188.